JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:21-cv-04517-VAP-SPx | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Paula Salvador v. Gheorghe Firescu et al.* | | |

| Present: The Honorable | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE |
|---|---|

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER GRANTING MOTION TO REMAND (IN CHAMBERS)

Before the Court is Plaintiff Paula Salvador's ("Plaintiff") Motion to Remand. (Dkt. 14, "Motion"). Defendants Gheorghe and Gabriela Firescu ("Defendants") filed an Opposition on July 12, 2021. (Dkt. 17). Plaintiff replied on July 19, 2021. (Dkt. 20). The Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion.

Plaintiff filed her Original Complaint on October 4, 2019, in the Superior Court of California, Los Angeles, alleging claims under California's Labor Code. (Dkt. 1-1). Following a ruling on Defendants' Demurrer, Plaintiff filed a First Amended Complaint ("FAC") on May 14, 2021. (Dkt. 1-3). On June 1, 2021, Defendants removed this action to this Court. (Dkt. 1).

On June 25, 2021, the Court issued an Order to Show Cause ("OSC") for improper removal because the basis for the Court's subject matter jurisdiction was unclear. Defendants filed a response to the OSC on June 30, 2021. (Dkt. 13). Instead of responding to the OSC, Plaintiff filed the instant Motion. In her Motion, Plaintiff argues the same issues raised by the Court's OSC. Defendants have failed to rebut the Court's concerns regarding jurisdiction.

The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction "must be rejected if there

is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Critically, in this case, the Defendants fail to establish that removal was timely. In general, a defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. *See* 28 U.S.C. § 1446. Where removability is uncertain, the 30-day period is measured from the point at which defendant had notice that the action is removable. (*Id.*) In any event, removal based on diversity jurisdiction must be made within one year after the case is filed unless the district court finds that the plaintiff has acted in bad faith in order to prevent removal. (*See id.*)

Here, Defendants base removal on diversity jurisdiction. (Dkt. 1). Accordingly, absent any bad faith by the Plaintiff, removal must have been made within one year after the case was filed if removability was uncertain. Plaintiff filed her complaint in state court a year and a half before Defendants sought removal. Removal is thus untimely.

Defendants nevertheless claim that removal is proper because Plaintiff failed to disclose the actual amount in controversy to prevent removal until filing the FAC. (Dkt. 1, at 5; *see also* Dkt. 17). Specifically, Defendants claim that "by way of her initial complaint, Plaintiff artfully and in bad faith did not specifically identify what amount of damages she was seeking from defendants; after filing [the] FAC, the action became removable and the following described damages taken from the Prayer for Relief [show the] amount in controversy exceeds [the] $75,000 threshold." (Dkt. 1, at 6). Defendants fail to support these contentions.

As a threshold matter, Defendants have not shown that the Original Complaint was not removable in the first instance. Defendants claim that the amount in controversy is satisfied due to certain allegations located in the Prayer of the FAC. Nevertheless, these allegations mirror the allegations that were alleged in the Prayer of the Original Complaint that was filed on October 4, 2019. Defendants have not pointed to any other facts that would support their argument that removal only became apparent when the FAC was filed and Defendants' argument that Plaintiff artfully concealed the amount in controversy is baseless. Accordingly, Defendants have not shown that the one-year limit even applies. Moreover, even if the one-year limit applied, Defendants' argument that their deadline should be extended because Plaintiff acted in bad faith lacks merit. The FAC contains no new allegations from which Defendants could argue they first ascertained the case was removable. Additionally, Defendants do not point to any other circumstances that would support a finding of bad faith. Removal is thus improper on this ground alone and the Court need not address the parties' remaining arguments.

Plaintiff's Motion is therefore GRANTED. The Court REMANDS this case to the Superior Court for the County of Los Angeles and declines to rule on the pending Motion to Dismiss.

**IT IS SO ORDERED.**